IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-00618-BNB,

THOMAS BASTIAN,

Plaintiff,

v.

ANNE SHERIDAN,
MRS. FANELLI ARMENTROUT, and
LARRY ULLO,

Defendants.

## ORDER OF DISMISSAL

Plaintiff, Thomas Bastian, is in the custody of the Colorado Department of Corrections at the Limon, Colorado, correctional facility. He initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983 (2006), alleging that his rights under the United States Constitution have been violated.

Mr. Bastian is suing two parole officers and a parole officer supervisor. He alleges that, following an arrest, he was placed in the El Paso County Criminal Justice Center from November 30, 2005, to October 3, 2007, as an alleged parole violator without receiving a final revocation hearing. He further alleges that, because of the criminal case pending against him, his request for a parole revocation hearing was denied six times, and instead he received six continuances on December 19, 2005; April 10, 2006; June 28, 2006; November 29, 2006; February 28, 2007; and July 18,

2007. He asserts that on October 3, 2007, he finally was provided with a final revocation hearing only because of his parole discharge date of October 5, 2007, when he was released from custody. He complains that, because parole authorities placed a no-bond parole hold on him during the twenty-two-month period of his confinement, he was not considered for release on bail pending the revocation hearing, nor was he allowed to post bail in his pending criminal case.

The Court must construe the complaint liberally because Mr. Bastian is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action without prejudice.

Mr. Bastian may not recover damages for the claims he is asserting in this action because those claims challenge the validity of the decision to delay his release on parole. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d

1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Bastian does not allege, and nothing in the Court's file indicates, that he has invalidated the decision delaying his release on parole. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 16 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00618-BNB

Thomas Bastian
Prisoner No. 102436
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/19/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk